**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **IN RE BRONNER v. ESSAYZOO** | No. 24-mc-117 (TSC) |

**MEMORANDUM OPINION**

Petitioner Ben Bronner is a faculty member at George Washington University.  In February 2022, he ran a student essay through a plagiarism detection software, which flagged that the student's work shared text with a pre-written essay available for purchase on EssayZoo's website.  Upon checking EssayZoo's website, Bronner noticed that it contained some of his copyrighted material, prompting Bronner to file a claim against EssayZoo with the Copyright Claims Board.  In November 2023, the Board issued a Final Default Determination finding EssayZoo liable for copyright infringement and awarding Bronner $1,200 in statutory damages.  *See* Certified Final Determination of the Copyright Claims Board, ECF No. 9-2.  In August 2024, Bronner filed a Motion with this court under 17 U.S.C. § 1508(a), seeking an order confirming and reducing to judgment the relief awarded to him by the Copyright Claims Board.  *See* Mot. for Order to Confirm and Reduce to J., ECF No. 1.  For the following reasons, the court will GRANT Bronner's Motion.

Under 17 U.S.C. § 1508(a), if "a party has failed to pay damages . . . awarded in a final determination of the Copyright Claims Board, including a default determination . . . , the aggrieved party may, not later than 1 year after the date on which the final determination is issued . . . , apply to the United States District Court for the District of Columbia . . . for an order confirming the relief awarded in the final determination and reducing such award to judgment."  To obtain such

Page **1** of **3**

an order, the aggrieved party must also (1) provide notice of their application to the opposing party "in accordance with the procedures applicable to service of a motion in the district court . . . where the application is made," and (2) provide a certified copy of the final determination of the Copyright Claims Board, alongside a sworn declaration meeting certain criteria. 17 U.S.C. § 1508(b). If these requirements are met, the "court shall grant such order and direct entry of judgment unless the determination [of the Copyright Claims Board] is or has been vacated, modified, or corrected[.]" *Id.* § 1508(a). The court also "shall impose on the party who failed to pay damages . . . , the reasonable expenses required to secure such order." *Id.*

Bronner has satisfied these requirements. Within a year of the Board's final determination, he filed a Motion for an order to confirm and reduce to judgment the Board's determination. He effected service of his Motion consistent with Federal Rule of Civil Procedure 5 and Local Civil Rule 5.4(d)(2) by mailing the Motion and a copy of the Copyright Claims Board's final determination to EssayZoo's "last known address." Fed. R. Civ. P. 5(b)(2)(C); *see also* Aff. of Mailing, ECF No. 7. Although that mailing was returned undeliverable, "service is deemed complete at the moment the document is properly posted and deposited for mailing." *Virgin Islands Housing & Fin. Auth. v. FEMA*, 728 F. Supp. 3d 17, 26 (D.D.C. 2024) (quoting *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 72 (D.D.C. 2002)).

Bronner has also submitted to the court a certified copy of the final determination of the Copyright Claims Board, along with a declaration attesting that the copy is true and correct; that the determination was issued on November 20, 2023; that the determination has not been challenged, vacated, modified, or corrected; that there are no other proceedings concerning the Board's same determination; and that he has not received any portion of the damages awarded to

him by the Board.  *See* Decl. of Benjamin Bronner, ECF No. 9-1.  The court will therefore enter judgment in Bronner's favor.  The court will also impose on EssayZoo the $52 filing cost incurred by Bronner.  *See* 17 U.S.C. § 1508(a) ("[T]he court shall impose on a party who failed to pay damages . . . the reasonable expenses required to secure such order . . . that were incurred by the aggrieved party.").  A separate Order will follow this Opinion.

Date:  July 2, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge